**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nkosazana U. Boyd,<br><br>       Plaintiff,<br><br>v.<br><br>Patrick R. Donahoe, et al.,<br><br>       Defendants. | No. CV13-1034 PHX DGC<br><br>**ORDER** |

Pro Se Plaintiff Nkosazana Boyd has filed a motion for leave to file a second amended complaint and a notice of dismissal. Docs. 41, 47. Defendants oppose the motion and the notice. Docs. 42, 47. The Court will deny the motion to amend and disregard the notice of dismissal.

**A.  Motion to Amend.**

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and the motion must be denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

In this case, the Court's Case Management Order established a deadline for amending pleadings:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60 days from the date of this Order.

Doc. 20 at 1 (emphasis in original). The order was entered on August 15, 2014, creating an amendment deadline of October 14, 2014. In addition, the Case Management Order contained this explicit warning:

> 9. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

Id. at 5. The Court called the parties' attention to this warning at the Rule 16 conference and cautioned that the Court would not be inclined to grant extensions. Thus, Plaintiff was fully aware of the deadline for amending pleadings and the Court's intent to enforce that deadline.

The Court's clear warning notwithstanding, Plaintiff's motion to amend was filed almost five months after the amendment deadline (Doc. 41), more than 18 months after this case was filed (Doc. 1), after the close of discovery (Doc. 35), and shortly before summary judgment motions were due (Doc. 35). The motion does not explain this delay or show good cause for extending the amendment deadline. The motion also fails to comply with LRCiv 15.1.

**B.   Notice of Dismissal.**

Plaintiff seeks to dismiss this case without prejudice under Rule 41(a)(1)(A)(i). Doc. 47. Because Defendants have answered, that rule does not apply and Plaintiff may dismiss only with leave of Court or by stipulation of the parties. Fed. R. Civ. P. 41(a)(2). Plaintiff's notice is therefore ineffective. This case remains active.

The Court advises Plaintiff that it will not dismiss this case without prejudice.

1  This case has been pending for more than 18 months, discovery has closed, and
2  Defendants have filed a motion for summary judgment. Doc. 43. It would be manifestly
3  unfair to dismiss this case without prejudice after Defendants have invested considerable
4  effort in getting it to the point of summary judgment motions.

5  Plaintiff is advised that she must respond to Defendants' motion for summary
6  judgment within 30 days of the motion having been served. LRCiv 56.1(d). Plaintiff
7  must also comply fully with the requirements of Federal Rule of Civil Procedure 56 and
8  LRCiv 56.1. Failure to file a timely response or comply with these rules may result in the
9  Court's granting Defendants' motion for summary judgment.

10  **IT IS ORDERED** that Plaintiff's motion to amend (Doc. 41) is **denied**, Plaintiff's
11  notice of dismissal (Doc. 47) is ineffective, and Plaintiff must respond to Defendants'
12  motion for summary judgment as set forth above.

13  Dated this 27th day of March, 2015.

David G. Campbell
United States District Judge